UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN OLIVER SNOW,<br><br>                    Plaintiff,<br><br>     v.<br><br>DAVID A. MAR, *et al.,*<br><br>                    Defendants. | 3:14-cv-00290-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (ECF No. 84), defendants' opposition (ECF No. 88), and plaintiff's reply (ECF No. 92). For the reasons described below, the court recommends that the motion be denied.

## I. PROCEDURAL HISTORY

John Oliver Snow ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Proceeding *pro se*, plaintiff brings this case under 42 U.S.C. § 1983. (ECF No. 3.) On July 15, 2014, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and allowed plaintiff to proceed on an Eighth Amendment claim of deliberate indifference to serious medical needs against four NDOC officials and Correctional Medical Services, Inc. (collectively, "defendants"). (ECF No. 4 at 4–5.) Defendants filed a motion to dismiss the suit on statute of limitations grounds on August 3, 2015 (ECF No. 54), but the court denied the motion (ECF Nos. 71, 76.)

While largely devoid of specifics, plaintiff's motion for a preliminary injunction alleges that defendants' deliberate indifference continues, and asks the court to order that defendants provide him medical treatment "so he may be able to survive and continue to fight in this matter."

(ECF No. 84 at 3.) Plaintiff contends that he has a life-threatening heart condition and, due to elevated protein levels in his blood, is at risk for further cardiac events. (*Id.* at 1–2; ECF No. 92 at 1–2.)

## II.  DISCUSSION

### A.  Legal Standard

Courts may grant preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65. However, such remedies are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). When moving for a preliminary injunction, the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, courts are to apply a "'sliding scale approach'" in evaluating the motion, "such that 'serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The standard for a permanent injunction is substantially the same. *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1229 (D. Nev. 2010).

Other considerations may apply to injunctive relief within the prison context. First, a more stringent standard applies where a party seeks affirmative relief. Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very

serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

Finally, in addition to the requirements described above, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id*. In the same vein, the Ninth Circuit recently ruled that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a sufficient "relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

**B.     Analysis**

Having reviewed plaintiff's filings with the above-cited principles in mind, it is clear that he has not made the showing required for an injunction to issue. First, plaintiff he has not shown he is likely to succeed on the merits of his underlying deliberate indifference claim. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To prevail plaintiff must make two showings: (1) a "serious medical need," and (2) that defendants' response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

1   2006).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when
2   they deny, delay, or intentionally interfere with medical treatment."  *Hallet v. Morgan*, 296 F.3d
3   732, 744 (9th Cir. 2002).  Medical malpractice or negligence is not enough to state a claim.
4   *Toguchi*, 391 F.3d at 1060.  Plaintiff's motion asserts that "he is likely to prove at trial that the
5   defendants violated his rights," but offers little in the way of facts or law to support the statement.
6   (ECF No. 84 at 2.)  Although plaintiff states multiple times that he has not been treated for his
7   heart condition, evidence submitted by defendants shows that his condition is being monitored
8   and he has been prescribed medication.  (ECF No. 88 at 2; ECF Nos. 89-1, 89-2.)  Plaintiff may
9   disagree with the chosen course of treatment, but differences in judgment between a prison
10  medical official and an inmate do not, as a matter of law, establish deliberate indifference.
11  *Toguchi*, 391 F.3d at 1058.  Further, to the extent that plaintiff was not promptly notified of the
12  results of a January 9, 2016 blood test, as his motion contends, he has not presented evidence to
13  show how the incident amounted to deliberate indifference on the part of defendants.  (*See* ECF
14  No. 84 at 2.)  Plaintiff bears the burden of proof on each elements of the test for preliminary
15  relief, and conclusory statements are not enough to satisfy that burden.

16         Second, plaintiff has not shown he is likely to suffer irreparable harm in the absence of
17  injunctive relief.  Plaintiff's briefing implies that without court intervention he is likely to suffer
18  another cardiac attack.  (ECF Nos. 84, 88.)  However, he presents no evidence to support that
19  claim.  From the present record it appears, as noted above, that plaintiff is taking medication and
20  NDOC doctors are monitoring his condition.  If plaintiff is in danger in spite of those facts, it is
21  his burden to persuade the court not just that irreparable harm is possible, but that it is likely.  *Am.*
22  *Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The court also
23  notes that it is not clear from the motion precisely what form of intervention plaintiff seeks—he
24  simply asks the court to "grant his request for treatment."  (ECF No. 84 at 3.)  This lack of
25  specificity further undermines his blanket assertion that an order from the court would prevent
26  future harm.  (*See id.* at 2.)  It is not the court's role, and certainly not within its expertise, to
27  fashion the appropriate medical relief from such a vague request.

28

### III.  CONCLUSION

Having found that plaintiff has not shown he is likely to succeed on the merits or to suffer irreparable harm, and in light of the heightened standard for an award of mandatory relief, the court concludes that plaintiff's motion should be denied.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary a preliminary injunction (ECF No. 84) be **DENIED.**

**DATED**: August 10, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**