**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN OLIVER SNOW,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID A. MAR, *et al.,*<br><br>    Defendants. | 3:14-cv-00290-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's first and second motions to dismiss Romero Aranas (ECF Nos. 99, 117). Defendants did not file an opposition to either motion. Therefore, the court recommends that plaintiff's motions be granted.

Additionally, before the court is defendants' motion for summary judgment (ECF Nos. 105, 106 (sealed)). Plaintiff opposed (ECF No. 113), and defendants replied (ECF Nos. 118, 120 (sealed)). For the reasons stated below, the court recommends that defendants' motion for summary judgment (ECF Nos. 105, 106 (sealed)) be denied.

## I.   PROCEDURAL BACKGROUND

John Oliver Snow ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at High Desert State Prison in Indian Springs, Nevada, but the alleged events underlying his claims occurred while he was incarcerated at Nevada State Prison ("NSP") in Carson City, Nevada. Proceeding *pro se*, plaintiff brings civil rights clams under 42 U.S.C. § 1983 against Correctional Medical Services, Inc., and the following NDOC officials: Dr. David A. Mar, Nurse Linda Klomp, Assistant Director E.K. McDaniel, and

Medical Director R. Aranas.[1] (ECF No. 3 at 2–3.) Plaintiff seeks injunctive relief and compensatory and punitive damages. (*Id.* at 9.)

On February 16, 2015, the District Court entered a screening order pursuant to 28 U.S.C. § 1915, and allowed plaintiff to proceed against Mar, Klomp, McDaniel, Aranas, and Correctional Services, Inc., for deliberate indifference to plaintiff's serious medical needs (ECF No. 4). At that time, the court stayed the case for ninety days to allow for an early mediation conference between plaintiff and defendants. (*Id.*) The parties were ultimately unable to settle, and this court issued an *in forma pauperis* order commencing litigation (ECF No. 28). On August 3, 2015, defendants filed a motion to dismiss the suit on statute of limitations grounds (ECF No. 54), but the court denied the motion. (ECF Nos. 71, 76.) Defendants now move for summary judgment on the grounds that plaintiff's claims are barred by the statute of limitations. (ECF Nos. 105, 106 (sealed).)

## II.     LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the

---

[1] Defendants Correctional Medical Services, Inc. and Linda Klomp have been dismissed from this action. (*See* ECF Nos. 112, 94)

2

1  court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d
2  1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

3        Summary judgment proceeds in burden-shifting steps. A moving party who does not bear
4  the burden of proof at trial "must either produce evidence negating an essential element of the
5  nonmoving party's claim or defense or show that the nonmoving party does not have enough
6  evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
7  210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis
8  of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in
9  favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank*
10 *of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any
11 inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v.*
12 *Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

13       Where the moving party meets its burden, the burden shifts to the nonmoving party to
14 "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*
15 *Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light
16 one," and requires the nonmoving party to "show more than the mere existence of a scintilla of
17 evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury
18 could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The
19 nonmoving party may defeat the summary judgment motion only by setting forth specific facts
20 that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248;
21 *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence,
22 Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the
23 material facts" will not defeat a properly-supported and meritorious summary judgment motion,
24 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

25       For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant
26 in motions and pleadings are admissible to the extent that the contents are based on personal
27 knowledge and set forth facts that would be admissible into evidence and the litigant attested under
28

3

penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III.   DISCUSSION

Plaintiff's deliberate indifference claims stem from the medical treatment he received while incarcerated at NSP, which he describes as follows. Plaintiff was waiting for hip replacement surgery in the fall of 2010. (ECF No. 3 at 3.) From March 2008 through August 2010, plaintiff had been seen monthly for physical examinations by NSP medical providers, with Dr. Mar acting as plaintiff's primary care provider. (ECF No. 64 at 2; ECF No. 3 at 3.) Then, on November 19, 2010, plaintiff suffered from a cardiac arrest. (*Id.*) Plaintiff later learned that in October, 2009, Dr. Mar had expressed concern to Dr. Long about the effect of the prospective hip surgery on plaintiff's heart condition. (ECF No. 64 at 19; ECF No. 45-5 at 6.) Despite this concern, Dr. Mar did not inform plaintiff of the condition or suggest treatment. (ECF No. 3 at 3–5.) Plaintiff insists that Dr. Mar followed orders from McDaniel, who allegedly informed medical staff not to waste funds on treating death row inmates with serious illnesses. (*Id.*) Plaintiff submitted the complaint to commence this action on June 3, 2014. (ECF No. 4 at 9.) Defendants argue that the complaint comes too late, as his claims are barred by the statute of limitations. (ECF No. 105.)

**A.   Statute of Limitations Standard**

42 U.S.C. § 1983 does not contain a statute of limitations. Instead, federal courts apply the forum state's statute of limitations for personal injury claims. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 853 F.3d 690, 701 n.3 (9th Cir. 2009). Thus, in Nevada, the statute of limitations for a § 1983 claim is two years. *Reed v. Nev. Dep't of Corr.*, No. 3:14–cv–00313–MMD–VPC, 2015 WL 5092692, at *5 (Aug. 27, 2015); Nev. Rev. Stat. § 11.190(4)(e). The cause of action accrues and the statute of limitations begins to run "when the plaintiff knows or has reason to know" of the injury that is the basis for the § 1983 claim. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (internal quotation omitted); *see also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). However, because the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires inmates in Nevada to exhaust their claims through the NDOC's

4

1  grievance process prior to filing suit in federal court, the statute is tolled during the pendency of
2  the grievance process. *See Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005); *Wisenbaker v.*
3  *Farwell,* 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004). As such, events underlying a § 1983 action
4  must fall within two years of the filing date, plus the number of days between the filing of a
5  grievance and prison officials' final response.

6  **B.     Analysis**

7  Defendants argue that plaintiff's claims are barred by the statute of limitations. (ECF No.
8  105 at 4, 8-9.) Specifically, defendants argue that: (1) plaintiff's claim accrued on November 19,
9  2010; and, (2) plaintiff's first filed grievance had no legal effect and should therefore not be used
10 to calculate tolling. (*Id.* at 8-10.) It appears to the court that defendants are attempting to reargue
11 their motion to dismiss (*Compare* ECF No. 54 *with* ECF No. 105), which the District Court denied.
12 (ECF Nos. 71, 76.) Defendants do not present any new evidence or argument to suggest that the
13 court's initial denial was invalid.[2]

14 In their reply, defendants argue that plaintiff was aware of his cardiac condition *before*
15 November 2010.[3] (ECF No. 118 at 7-11.) It is impermissible to introduce new arguments or
16 evidence in a reply brief. *White v. City of Sparks*, 341 F.Supp.2d 1129, 1134 (D.Nev. 2004) aff'd,
17 500 F.3d 953 (9th Cir. 2007). "New material does not belong in a reply brief" because it "provides
18 the appellee no opportunity to meet the contention." *Id.* (citing *Ellingson v. Burlington Northern,*
19 *Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981)). Defendants' new arguments will therefore not be
20 addressed.

21 Based on the above, the court concludes that there is a triable issue of fact as to whether the
22 statute has run on plaintiff's claims.

---

[2] For the court's full analysis of the statute of limitations issue, *see* ECF No. 71.

[3] Defendants specifically argue in their motion for summary judgment that "there can be no dispute that [plaintiff] knew he had a serious heart problem when he suffered and was aware of having a myocardial infarction (heart attack) on November 19, 2010. Clearly, his claim as related to his heart accrued on this date." (ECF No. 105 at 8.)

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that defendants' motion for summary judgment (ECF No. 105) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (ECF No. 105) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motions to dismiss Romero Aranas (ECF Nos. 99, 117) be **GRANTED**.

**DATED**: January 23, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**