1  ADAM PAUL LAXALT
   Attorney General
2  GERRI LYNN HARDCASTLE, Bar No. 13142
   Deputy Attorney General
3  State of Nevada
   Bureau of Litigation
4  Public Safety Division
   100 N. Carson Street
5  Carson City, NV  89701-4717
   Tel: 775-684-1134
6  Email: ghardcastle@ag.nv.gov

7  *Attorneys for Defendants*
   *Romeo Aranas, Karen Gedney,*
8  *and Dana Marks*

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11  RICHARD L. GRUBER,
                                        Case No.  3:15-cv-00543-RCJ-VPC
12                  Plaintiff,
                                        **DEFENDANTS' MOTION FOR**
13  v.                                  **ENLARGEMENT OF TIME TO REPLY TO**
                                        **PLAINTIFF'S OPPOSITION (ECF NO. 91)**
14  KAREN GEDNEY, et al.,               **TO MOTION FOR SUMMARY JUDGMENT**
                                        **(Second Request)**
15                  Defendants.

16      Defendants, Romeo Aranas, Karen Gedney and Dana Marks, by and through counsel, Adam Paul

17  Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General,

18  hereby move this honorable Court for an enlargement of time to reply to Plaintiff's opposition to

19  Defendants' motion for summary judgment.  This motion is made and based on Fed. R. Civ. P. 6(b)(1),

20  the following memorandum of points and authorities, and all pleadings and papers on file herein.

21                  **MEMORANDUM OF POINTS AND AUTHORITIES**

22  **I.      RELEVANT PROCEDURAL HISTORY**

23      This case is a *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 34.

24  Plaintiff, Richard Gruber (Plaintiff), alleges that Romeo Aranas, Karen Gedney, and Dana Marks

25  (collectively, Defendants) were deliberately indifferent to his serious medical need of Parkinson's disease

26  by refusing to treat Plaintiff.  *Id.* at 3.

27      On March 13, 2018, this Court extended Plaintiff's time to respond to Defendants' summary

28  judgment motion.  ECF No. 91.  Plaintiff timely filed his opposition to Defendants' motion, *see* ECF No.

1   91, and Defendants' reply brief was due April 3, 2018. Due to personal obligations, Defendants' counsel

2   was unable to complete her clients' reply by April 3rd and moved for an enlargement of time to file the

3   reply. ECF No. 94. This honorable Court graciously granted Defendants' motion and allowed Defendants

4   up to and including April 10, 2018 to file their reply. ECF No. 95. Although Defendants and their counsel

5   intended to comply with today's deadline, counsel has encountered an office emergency that prevents her

6   from finishing and filing the reply brief today. Accordingly, counsel respectfully requests two additional

7   days to file Defendants' reply brief.

8   **II.   LEGAL STANDARD**

9       District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v.*

10  *Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan,* 958 F.2d 272, 273 (9th Cir.

11  1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

12               When an act may or must be done within a specified time, the court may,
                     for good cause, extend the time: (A) with or without motion or notice if

13               the court acts, or if a request is made, before the original time or its
                     extension expires; or (B) on motion made after the time has expired if the

14               party failed to act because of excusable neglect.

15       "The proper procedure, when additional time for any purpose is needed, is to present to the

16  Court a timely request for an extension before the time fixed has expired (*i.e.,* a request presented

17  before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line*

18  *Co.,* 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such

19  as an attorney's "conflicting professional engagements" or personal commitments such as vacations,

20  family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court

21  deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made."

22  *Creedon v. Taubman,* 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's

23  diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.,*

24  975 F.2d 604, 609 (9th Cir. 1992).

25  **III.   DISCUSSION**

26       Here, Defendants request two additional days to file their reply brief, or up to and including

27  Thursday, April 12, 2018. Defendants and their counsel sincerely intended to comply with today's

28  deadline. However, an office emergency unfortunately prevents counsel from finishing and filing the

1    reply brief in accordance with today's deadline.  Consequently, Defendants respectfully request that they

2    be allowed to file their reply brief no later than Thursday, April 12, 2018.  Defendants have demonstrated

3    good cause for the enlargement of time, and they do not believe that Plaintiff will be unfairly prejudiced by

4    this short extension.

5    **IV.    CONCLUSION**

6          Based on the foregoing, Defendants respectfully request that this honorable Court grant the instant

7    motion and allow them until Thursday, April 12, 2018, to file their reply brief.

8          DATED this 10th day of April, 2018.

9
10
                ADAM PAUL LAXALT
                Attorney General

11                   By:

12                   GERRI LYNN HARDCASTLE
                Deputy Attorney General

13                   State of Nevada
                Bureau of Litigation

14                   Public Safety Division

15                   *Attorneys for Defendants*

16
17
18
19         IT IS SO ORDERED

20
21         U.S. DISTRICT JUDGE

22         DATED: April 16, 2018

23
24
25
26
27
28